

# FILED

**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER PHELPS, Personal Representative For the Estate of Bodhi Phelps, | No. 20-35179 |
| Plaintiff-Appellee, | D.C. No. 3:18-cv-00854-IM |
| v. | MEMORANDUM* |
| KEVIN CARLSON; GAVIN SASSER, | |
| Defendants-Appellants, | |
| and | |
| CITY OF GRESHAM, by and through the Gresham Police Department, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Argued and Submitted October 26, 2020
Portland, Oregon

Before: GRABER, CLIFTON, and IKUTA, Circuit Judges.

---

  *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants Kevin Carlson and Gavin Sasser ("Defendants"), who are police officers in Gresham, Oregon, timely appeal the denial of summary judgment on the ground of qualified immunity in Plaintiff Christopher Phelps's lawsuit brought under 42 U.S.C. § 1983, which stems from Defendants' fatal shooting of Bodhi Phelps ("Phelps"), Plaintiff's son. Reviewing the district court's determination of official immunity de novo and viewing the facts in the light most favorable to Plaintiff, Tuuamalemalo v. Greene, 946 F.3d 471, 476 (9th Cir. 2019) (per curiam), we reverse.

1. To the extent that Defendants ask us to decide "whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial," we lack jurisdiction. Foster v. City of Indio, 908 F.3d 1204, 1210 (9th Cir. 2018) (per curiam) (quoting Johnson v. Jones, 515 U.S. 304, 307 (1995)). But Defendants also ask us to decide, after resolving all factual disputes in Plaintiff's favor, whether they violated clearly established law. On that second, and dispositive, issue, our jurisdiction is beyond challenge. Plumhoff v. Rickard, 572 U.S. 765, 773 (2014).

2. Even if a reasonable jury could conclude that Defendants fired too quickly and, thereby, used lethal force unjustifiably, no clearly established law gave Defendants notice that what they did violated Phelps's Fourth Amendment

2

right against excessive force. On May 24, 2016, the date of the shooting, clearly established law did not put every reasonable officer on notice that it was unreasonable to shoot a suspect fleeing from a violent crime after that suspect stopped at a dark dead end and then displayed a "shiny object" in his hand, even if that object turned out to be a cell phone.[1] See S.B. v. Cnty. of San Diego, 864 F.3d 1010, 1015 (9th Cir. 2017) (holding that, although the law "do[es] not require a case directly on point, . . . existing precedent must have placed the statutory or constitutional question beyond debate" (quoting Mullenix v. Luna, 577 U.S. 7, 11 (2015) (per curiam))). The only cases that Plaintiff cites—Tennessee v. Garner, 471 U.S. 1, 3–4 (1985), in which police shot and killed an unarmed, fleeing burglary suspect to prevent his escape, and Graham v. Connor, 490 U.S. 386, 389 (1989), in which police used physical force on a diabetic in need of sugar after mistaking him for a drunken man—involved facts quite different from those here. See S.B., 864 F.3d at 1015 (holding that Garner and Graham do not create clearly

---

[1] Because of this case's procedural posture, we cannot "simply accept" Defendants' testimony that Phelps moved toward Carlson and raised at least one knife. Scott v. Henrich, 39 F.3d 912, 915 (9th Cir. 1994). We also must view in the light most favorable to Plaintiff witnesses' testimony that they either saw Phelps with a different knife that night or heard Defendants say "drop the knife" before or after the shooting. Tuuamalemalo, 946 F.3d at 476.

established law "outside an obvious case" (quoting <u>White v. Pauly</u>, 137 S. Ct. 548, 552 (2017))).

Moreover, Plaintiff presented at summary judgment only argument and speculation, rather than material that could be "presented in a form that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2), to undermine the official ballistic and autopsy reports.  Even within the confines of our constrained review, that is insufficient.  <u>See</u> <u>Foster</u>, 908 F.3d at 1217–18 (holding that a "bare <u>allegation</u> alone, without any <u>evidence</u> in the record," cannot support a denial of summary judgment on the ground of qualified immunity).

We hold that Defendants are entitled to qualified immunity and, therefore, to a judgment in their favor.

**REVERSED AND REMANDED.**